

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| JA'LIL ROBINSON,<br>        Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No.: 3:25-12710-MGL |
| DUANE CAMPHUYSEN,<br>        Defendants. | §<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND**

## I.     INTRODUCTION

Plaintiff Ja'Lil Robinson filed this personal injury action in state court against Defendant Duane Camphuysen.  Camphuysen later filed a notice of removal, asserting this Court has jurisdiction under 28 U.S.C. § 1332.

Pending before the Court is Robinson's motion to remand the case to state court.

## II.     FACTUAL AND PROCEDURAL HISTORY

Robinson filed his complaint in the Richland County Court of Common Pleas on July 28, 2025.  On August 14, 2025, he attempted to serve Camphuysen through the South Carolina Department of Motor Vehicles (DMV) as provided in S.C. Code Ann. § 15-9-350.  Camphuysen states he "did not physically receive the summons and complaint until September 6, 2025." Defendant's Response to Standing Order Regarding All Removed Cases ¶ 1.  Camphuysen filed the notice of removal on September 25, 2025.

1

### III.    LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  A defendant "desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446.

Generally, the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." § 1446(b)(1).  "The burden of establishing federal jurisdiction is placed upon the party seeking removal."  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

### IV.    DISCUSSION AND ANALYSIS

Robinson contends remand is required because Camphuysen untimely removed the case. He argues the "Summons and Complaint was . . . served on Defendant on August 14, 2025," through the Director of the DMV.  Motion at 1.  Yet, "Defendant then filed a Notice of Removal on September 25, 2025," which is "more than thirty days" later.  Motion at 1.  Camphuysen asserts service has never been completed as Robinson failed to comply with the requirements of S.C. Code Ann. § 15-9-350.  Response at 2.

The Fourth Circuit is clear: "service on a statutory agent is not service on the defendant within the meaning of § 1446(b)."  *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018).

2

This is because "[s]erving a statutory agent does not guarantee that the defendant is provided with actual notice of the complaint or adequate time to decide whether to remove a case." *Id.*

As occurred here, Robinson served the DMV Director on August 14, 2025, yet Camphuysen "did not physically receive the summons and complaint until September 6, 2025." Defendant's Response to Standing Order Regarding All Removed Cases ¶ 1. Accordingly, Robinson failed to serve Camphuysen within the meaning of § 1446(b), and the time for removal began only once Camphuysen actually received the complaint. Because Camphuysen filed the notice of removal on September 25, 2025, removal was timely.

**V.     CONCLUSION**

For the reasons explained above, Robinson's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

Signed this 30th day of April, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

3